IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-78,279-01, WR-78,279-02, WR-78,279-03 & WR-78,279-04






EX PARTE JIM HOWARD, III, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 09-CR-1076-83-1, 09-CR-1077-83-1, 09-CR-1078-83-1 & 09-CR-1079-83-1 


IN THE 122ND DISTRICT COURT FROM GALVESTON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered open pleas of guilty to two
charges of intoxication manslaughter and two charges of intoxication assault. He was sentenced to
life imprisonment for each of the intoxication manslaughter charges, and twenty years' imprisonment
for each of the intoxication assault charges. The Fourteenth Court of Appeals affirmed his
convictions. Howard v. State, Nos. 14-10-01093-CR, 14-10-01094-CR, 14-10-01095-CR & 14-10-01096-CR (Tex. App. - Houston [14th Dist.] December 1, 2011).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to challenge the legality of Applicant's arrest and the validity of his consent to draw
blood, failed to challenge the validity of the blood alcohol test results, failed to present evidence to
support the imposition of less than the maximum sentences, failed to invoke "the rule," failed to
object when the trial court prevented Applicant from presenting character witnesses, and failed to
preserve issues for appeal. 

 Applicant has alleged facts that, if true, might entitle to relief. Strickland v. Washington, 466
U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: October 10, 2012

Do not publish